[No. 17226.  Department One.  October 14, 1922.]

ALBERT J. ZIV et al., Respondents, v. JOHN M. KNIGHT, Appellant.[1]

LANDLORD AND TENANT (67)—IMPROVEMENTS BY TENANT—REMOVAL —RIGHTS OF SUBSEQUENT PURCHASERS. A tenant can not remove a building and fixtures that were permanent additions, where after expiration of the lease reserving the right of removal, he continued in possession and entered into a new tenancy with the lessor's successors in interest, who had no notice of any rights claimed under the original lease.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered July 5, 1921, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

*G. W. Sommer*, for appellant.

*James A. Brown*, for respondents.

MITCHELL, J.—The defendant, upon the surrender of real property he had occupied for five or six years, as a tenant, tore down a small building erected on the premises by him at the commencement of his tenancy and removed the lumber and material. He also carried away certain built-in features of the main building on

[1]Reported in 209 Pac. 685.

the property. Plaintiffs, the owners of the property, sued to recover damages. The answer alleged a contract right with the original lessor to remove the building, and that the articles taken from the main building were the personal property of the defendant. There were findings and judgment for the plaintiffs, from which judgment the defendant has appealed.

At the commencement of the tenancy, in 1915, one Edwards owned the property. Appellant testified that the building on the lot at that time was untenantable; that he took a written lease of the property for two years, at ten dollars per month, with the right of removal of the fixtures; and that he repaired the building at his own expense, and constructed the small one—later torn down by him—to make the premises suitable for his business as an undertaker. Further, the proof shows that in 1916 the property was sold to one Bodler, and that, sometime after the expiration of the written lease referred to, the appellant still continuing in possession, a new contract was entered into between Bodler and the appellant, creating a month to month tenancy of the premises, at the agreed price of $12.50 per month, without any notice given by the appellant of any right claimed by him under the terms of the original lease.

Thereafter, June 7, 1920, Bodler and wife conveyed the property to the respondents, to whom the appellant paid rent monthly at the rate of $12.50 per month, without any notice given by him of any rights claimed under the terms of the original lease. Neither the respondent nor his immediate grantor, Bodler, had any knowledge whatever that the appellant claimed title to any part of the property or the right to remove any of it upon his quitting and surrendering the property; nor was either of them aware that the appellant had

either constructed the small building or repaired the larger one. The testimony further shows that, for the years 1916 to 1920, both inclusive, Bodler, the owner, annually paid taxes upon the property, which included, as shown by the assessor's field notes, the small building, valued for taxation purposes at $240 or $250, during each of the several years, while there is no proof that the small building was either assessed to the appellant or that he paid any taxes on it. Under these circumstances, the appellant is precluded from disputing his landlord's title to the small building, which was wrongfully torn down and carried away by him.

As to the remainder of the judgment, covering the so-called built-in features of the windows and the electric wiring of the main building, the removal of which caused damages in the respective sums of five and ten dollars, the trial court found, upon conflicting evidence, they were not personal property of the appellant, but became permanent additions to the land. The findings are sustained by a fair preponderance of the evidence.

Judgment affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.